# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE D. ROBINSON,<br><br>       Plaintiff,<br><br>  vs.<br><br>P. HOLGUIN, et al.,<br><br>       Defendants. | 1:14cv00427 AWI DLB PC<br><br>ORDER FINDING COGNIZABLE CLAIMS AND ORDERING DEFENDANTS TO FILE A RESPONSIVE PLEADING WITHIN THIRTY DAYS |

Plaintiff Maurice D. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. This action was originally filed on April 2, 2012, in the Kings County Superior Court. Defendant Correctional Officers P. Holguin and L. Borges removed the action to this Court on March 24, 2014.[1] Defendants also paid the filing fee.

A. **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Defendants were served with summons and the complaint on March 4, 2014.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B. **PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated in California State Prison- Sacramento.  The events occurred while Plaintiff was incarcerated in the Security Housing Unit at Corcoran State Prison.

Plaintiff alleges that on May 2, 2011, when an LVN came to his cell, he refused to take his Keyhea medication.  Moments later, Defendants Holguin and Borges came to his cell and placed him in handcuffs, with his hands behind his back.  They removed Plaintiff from his cell, and Plaintiff believed he was going to receive his medication shot.

Defendants escorted Plaintiff across the dayroom floor, towards the section door leading into the rotunda area.  Upon entering the rotunda area, Defendant Holguin slammed him into the wall and said, "You need to start taking your medication, fucking bitch."  Plaintiff responded, "It's none of your fucking business."  ECF No. 2, at 7.

Defendant Holguin began punching Plaintiff in the back of his head, causing his face to hit the wall and busting his right eye open.  Defendant Holguin then slammed Plaintiff to the ground, and kicked and punched him in his head, legs and arms for approximately two minutes.

Defendant Holguin told Defendant Borges not to activate his alarm.  Defendant Holguin then dragged Plaintiff to the heart of the rotunda and placed him in a holding cell.  When Plaintiff told Defendant Holguin that he needed to see a doctor, Defendant Holguin sprayed Plaintiff with pepper-spray.

During these events, Defendant Borges stood by and failed to protect him from Defendant Holguin.

Plaintiff alleges that to cover up the incident, Defendants wrote Rules Violation Reports indicating that Plaintiff was assaultive and resisting.  Plaintiff alleges that at no time on May 2, 2011, did he attempt to assault or resist Defendants.

Plaintiff contends that Defendants violated the Eighth Amendment, resulting in mental and physical injuries.

C. **ANALYSIS**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); see also Motley v. Parks, 383 F.3d 1058, 1071 (9th Cir. 2004) (neither officers who participated in the harassing search nor officers who failed to intervene and stop the harassing search were entitled to qualified immunity).

Plaintiff's allegations are sufficient to state a claim against Defendant Holguin for the use of excessive force in violation of the Eighth Amendment. Plaintiff also states a claim against Defendant Borges for failure to intervene, in violation of the Eighth Amendment.

D. **CONCLUSION AND ORDER**

Plaintiff's complaint states an Eighth Amendment claim against Defendants Holguin and Borges.  Defendants have already been served with the complaint.  Therefore, Defendants are ORDERED to file a responsive pleading within thirty (30) days from the date of service of this order.

IT IS SO ORDERED.

Dated: __**September 17, 2014**__          _____/s/ *Dennis L. Beck*_____
                                            UNITED STATES MAGISTRATE JUDGE