# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>P. HOLGUIN, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00427 AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT<br><br>(Document 18) |

Plaintiff Maurice Robinson ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.  Defendants paid the filing fee and removed this action from the Kings County Superior Court to this Court on March 24, 2014.

On September 18, 2014, the Court screened the complaint and found that it stated an Eighth Amendment claim against Defendants Holguin and Borges.  The Court ordered Defendants to file a responsive pleading within thirty (30) days of the date of service of the order.

On October 20, 2014, Defendants filed a motion to dismiss the complaint on the grounds that it is barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 648 (1997).  The time for opposing the motion has not yet passed.

On October 22, 2014, Plaintiff filed a motion for the entry of default.

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed.R.Civ.P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court.

As noted, Defendants have appeared in this action by filing a motion to dismiss on October 20, 2014. Plaintiff signed his motion on October 19, 2014, prior to the filing.

Although Defendants' motion was two days late, Local Rule 135(a), the delay does not merit entry of default. The delay did not prejudice Plaintiff, and by filing the motion, Defendants have sufficiently indicated their intent to defend this action. Moreover, "[c]ases should be decided upon their merits whenever reasonably possible." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir.1986).

Therefore, Plaintiff's request for entry of default is DENIED.

IT IS SO ORDERED.

Dated:   **October 29, 2014**                          /s/ *Dennis L. Beck*
                                                               UNITED STATES MAGISTRATE JUDGE

2