# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE D. ROBINSON,<br><br>        Plaintiff,<br><br>  vs.<br><br>P. HOLGUIN, et al.,<br><br>        Defendants. | 1:14cv00427 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br>(Document 17)<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE<br>(Document 23) |

      Plaintiff Maurice D. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. This action was originally filed on April 2, 2012, in the Kings County Superior Court. Defendant Correctional Officers P. Holguin and L. Borges removed the action to this Court on March 24, 2014. Defendants also paid the filing fee.

      On September 18, 2014, the Court screened Plaintiff's complaint and determined that it stated cognizable Eighth Amendment claims against Defendants Holguin and Borges. Defendants were ordered to file a response within thirty days.

1

Defendants filed the instant motion to dismiss the complaint on October 20, 2014. Plaintiff filed his opposition on October 30, 2014, and Defendants filed their reply on November 5, 2014.[1] The motion is deemed suitable for decision pursuant to Local Rule 230(l).

A.  **PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated in California State Prison- Sacramento. The events occurred while Plaintiff was incarcerated in the Security Housing Unit at Corcoran State Prison.

Plaintiff alleges that on May 2, 2011, when an LVN came to his cell, he refused to take his Keyhea medication. Moments later, Defendants Holguin and Borges came to his cell and placed him in handcuffs, with his hands behind his back. They removed Plaintiff from his cell, and Plaintiff believed he was going to receive his medication shot.

Defendants escorted Plaintiff across the dayroom floor, towards the section door leading into the rotunda area. Upon entering the rotunda area, Defendant Holguin slammed him into the wall and said, "You need to start taking your medication, fucking bitch." Plaintiff responded, "It's none of your fucking business." ECF No. 2, at 7.

Defendant Holguin began punching Plaintiff in the back of his head, causing his face to hit the wall and busting his right eye open. Defendant Holguin then slammed Plaintiff to the ground, and kicked and punched him in his head, legs and arms for approximately two minutes.

Defendant Holguin told Defendant Borges not to activate his alarm. Defendant Holguin then dragged Plaintiff to the heart of the rotunda and placed him in a holding cell. When Plaintiff told Defendant Holguin that he needed to see a doctor, Defendant Holguin sprayed Plaintiff with pepper-spray.

During these events, Defendant Borges stood by and failed to protect him from Defendant Holguin.

---

[1] Plaintiff suggests that the motion was untimely. However, since the due date fell on a weekend day, the filing was due the following Monday. Fed. R. Civ. Proc. 6.

Plaintiff alleges that to cover up the incident, Defendants wrote Rules Violation Reports indicating that Plaintiff was assaultive and resisting.  Plaintiff alleges that at no time on May 2, 2011, did he attempt to assault or resist Defendants.

Plaintiff contends that Defendants violated the Eighth Amendment, resulting in mental and physical injuries.

B.      **MOTION TO STRIKE SURREPLY**

Plaintiff filed a surreply on December 3, 2014.  Defendants moved to strike the pleading on December 12, 2014.

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired.  Local Rule 230(l).  The Court generally views motions for leave to file a surreply with disfavor.  Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).  However, district courts have the discretion to either permit or preclude a surreply.  See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

Plaintiff's surreply does not change the outcome of this motion and the Court declines to strike it.  Defendants' motion is therefore DENIED.

C.      **MOTION TO DISMISS**

1.      Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662,

3

678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir.1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F .3d 668, 688 (9th Cir.2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.1994).

  2. <u>Analysis</u>

Defendants argue that Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997).  A prisoner plaintiff cannot proceed on a claim where success would necessarily imply the invalidity of the length of a prisoner's sentence, until the prisoner obtains a favorable termination of a state or federal habeas challenge to his sentence.  Heck, 512 U.S. at 487.  The United States Supreme Court has applied this

4

"favorable termination" requirement to the context of prison disciplinary hearing where good-time credits are affected. Edwards, 520 U.S. at 648.

In his complaint, Plaintiff refers to a Rule Violation Report claiming that he was assaultive and resisting. ECF No. 2, at 8. Defendants have provided the Rules Violation Report ("RVR"), which indicates that Plaintiff pled guilty to resisting a peace officer resulting in the use of force. Branch, 14 F.3d at 454. The guilty finding resulted in a loss of ninety days credit. Young Decl., Ex. A.

Given that Plaintiff's theory underlying his Eighth Amendment violation is that he did not resist arrest and did nothing to warrant the use of force, Defendants contend that a finding in his favor would invalidate the RVR and the resulting loss of credit. Defendants are correct and Plaintiff's claim is barred under Heck.

In his opposition, Plaintiff suggests that the RVR was false and was authored to cover up Defendants' actions. Even if the report is false, however, Plaintiff cannot challenge it in this action without first obtaining a favorable termination. His only remedy is a writ of habeas corpus, a remedy which he has not pursued.

Plaintiff also argues that Defendants should be ordered to answer his complaint because his Eighth Amendment rights were violated. The Court cannot ignore applicable federal law, however.

Accordingly, Plaintiff's claim is barred by the favorable termination rule and must be dismissed.

D.   **RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Defendants' motion to dismiss be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed within fourteen (14) days of service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 27, 2015**          /s/ *Dennis L. Beck*
                                     UNITED STATES MAGISTRATE JUDGE